UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN)

| | | |
|---|---|---|
| **DAWN TRINKS**<br>**421 AUTUMN HARVEST COURT**<br>**ABINGDON, MARYLAND 21009** | | |
| | * | |
| **Plaintiff** | * | Case No: |
| | | |
| v. | * | |
| | | |
| **JOHNS HOPKINS UNIVERSITY**<br>**CHARLES AND 34TH STREET**<br>**BALTIMORE, MARYLAND 21218**<br>     **Defendant** | *<br>* | |
| **Serve Resident Agent:** | * | |
| Arthur P. Pineau, Esquire<br>**Interim General Counsel**<br>**113 Garland Hall**<br>3400 N. Charles St.<br>Baltimore Md 21218 | *<br>* | |

\*        \*        \*        \*        \*        \*        \*        \*

## FIRST AMENDED COMPLAINT FOR MONETARY DAMAGES AND DEMAND FOR JURY TRIAL

Now comes Dawn Trinks, Plaintiff, (herein "Trinks" or "Plaintiff") by and through undersigned counsel and files this Complaint against the Defendant, Johns Hopkins University (herein "Defendant" or "JHU") for gender discrimination and for age discrimination.

### Introduction

This case is hereby brought by Dawn Trinks, a former employee of the Defendant, for violations of Title VII of the Civil Rights Act, U.S.C. §§2000e to 2000e-17 for gender discrimination

1

due to unlawful preferential work practices and conditions applicable to and favoring similarly situated male workers as gender discrimination and for age discrimination due to the preferential treatment and work practices afforded to younger workers under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §621 to 634.

## Parties

1. Plaintiff, Dawn Trinks, is and has been at all times pertinent to the Complaint, a resident of Abingdon, Maryland in Harford County.

2. At all material times, Trinks was employed by JHU in its Department of Medicine in Baltimore, Maryland.

3. At all material times, the Defendant, JHU was incorporated under the laws of the State of Maryland and operated a facility in Baltimore Maryland and was an employer under Title VII of the Civil Rights Act of 1964, and under the Age Discrimination in Employment Act.

## Jurisdiction and Venue

4. This Court has jurisdiction over the gender discrimination claim under Title VI, §§2000e and over the age discrimination claim under the Age Discrimination in Employment Act. The Plaintiff filed charges of age and gender discrimination with the Equal Employment Opportunity Commission (herein "EEOC") and received a Notice of Right to Sue dated August 24, 2020. (Exhibit 1)

## Facts Common to All Counts

5. Plaintiff is a fifty-eight-year-old female who worked for the Defendant for over 30 years and at the time of her termination was working as a Senior Research Service Analyst in the Department of Medicine, Division of Gastroenterology.

6. Christian Hartman (herein "Hartman"), a newly hired employee in his mid-thirties, became Trinks' supervisor in 2014, and almost immediately began treating Trinks' younger, male co-worker more

favorably and subjecting Plaintiff to disparate treatment by requiring her to perform significantly more work than her male co-worker for the same salary.

7. Plaintiff was required to work evenings and weekends to keep up the increased workload, while little was required of her younger, male co-worker.

8. Because of the inequitable distribution of work, which Plaintiff alleges was based on her age and gender, Plaintiff applied for a position with the Department of Psychiatry and Behavioral Sciences and received an offer letter from Suzanne Fowble (herein "Fowble") via email on February 2, 2017.

9. Plaintiff was offered an annual salary of $68,190, which was $500 more than the salary she received in the Division of Gastroenterology.  Trinks made it clear to Fowble that the salary wasn't her main concern as she was seeking a new position because of the unreasonable workload and disparate treatment imposed by Hartman.

10. Upon being informed of the new job offer by Trinks on February 2, 2017, Hartman asked her to forward the email in order for him to review the offer and discuss with her later in the day.  Trinks complied with the request, however Trinks and Hartman never had a meeting regarding the offer because Hartman did not make himself available.

11. On February 3, 2017, subsequent to Trinks forwarding the offer letter to Hartman, she was made aware of a different version of the February 2, 2017 offer letter from Fowble in which the proposed salary was $500 more than in the actual offer letter that Trinks provided to Hartman.

12. Without evidence, Trinks was accused of having falsified the amount of the salary offered by Fowble and was suspended on February 6, 2017 and subsequently terminated.

13. During the nearly 32 years prior to Hartman becoming her supervisor, Trinks was never disciplined, "written up", placed on a Performance Improvement Plan or otherwise counseled regarding her performance or conduct.

14. Plaintiff engaged in the appeal process articulated in the university's policies and after being interviewed by five different individuals, was informed that she would receive a decision within two weeks.

15. Despite being promised a decision within a two-week timeframe and despite making repeated requests for a decision, Plaintiff heard nothing further from the Defendant and never received a decision or report on her appeal.

16. Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") and received confirmation of the EEOC's receipt of said charges by letter dated August 14, 2017 from Pamela Lichtenberg, CR/TIU Supervisor.

17. In the August 14, 2017 letter from Ms. Lichtenberg, Trinks was advised that there may be an 8 to 10 week delay due to the "volume of correspondence received by this office".

18. Plaintiff's charges were assigned an EEOC case number of 531-2017-01594 and Plaintiff believes her charges to have been timely filed, as evidenced by the 2017 case number.

19. Plaintiff was contacted by Brandon Sanders (herein "Sanders") from the EEOC in early 2018 to gather information about other women who may have suffered disparate treatment at the hands of JHU.

20. Plaintiff has clearly complied with all requirements related to the exhaustion of administrative remedies and was issued a Notice of Right to Sue as a result.

## COUNT I-GENDER DISCRIMINATION- TITLE VII

21. Plaintiff hereby incorporates paragraphs 1 through 20 of this Complaint.

22. Plaintiff, a female worker had been employed by JHU for over 30 years and had been a loyal and, until such time as she was placed under the supervision of Christian Hartman, valued employee during the course of her employment.

23. Once Hartman became Trinks' supervisor, he began subjecting her to disparate treatment based on her

gender by providing preferential treatment to a less qualified, similarly situated but male worker.

24. Hartman repeatedly required that Trinks perform significantly more work than her male co-worker to the extent that she was forced to work evenings and weekends to complete her assigned tasks. Little was required of Plaintiff's male co-worker although he received the same salary.

25. As a direct and proximate result of Defendant's unlawful discriminatory practices based upon gender, Plaintiff suffered lost wages and other economic losses, great mental pain, anguish and suffering including humiliation that resulted in her suffering great anxiety and depression.

WHEREFORE,

    a. Plaintiff demands judgment against the Defendant in the amount of $250,000 for economic losses and $250,000 for compensatory damages.

    b. Plaintiff demands attorney's fees and costs of this action.

    c. Plaintiff demands such other and further relief as this court may deem just and proper.

### COUNT II—AGE DISCRIMINATION

26. Plaintiff hereby incorporates paragraphs 1 through 25 of this Complaint.

27. Plaintiff, a female worker had been employed by JHU for over 30 years and had been a loyal and, until such time as she was placed under the supervision of Christian Hartman, valued employee during the course of her employment.

28. Once Hartman became Trinks' supervisor, he began subjecting her to disparate treatment based on her age by providing preferential treatment to a less qualified, similarly situated but younger worker, who is believed to have been under the age of forty at the time of Plaintiff's termination.

29. Hartman repeatedly required that Trinks perform significantly more work than her younger co-worker to the extent that she was forced to work evenings and weekends to complete her assigned tasks. Little was required of the younger co-worker although he received the same salary.

30. As a direct and proximate result of Defendant's unlawful discriminatory practices based upon age, Plaintiff suffered lost wages and other economic losses, great mental pain, anguish and suffering including humiliation that resulted in her suffering great anxiety and depression.

WHEREFORE,

a. Plaintiff demands judgment against the Defendant in the amount of $250,000 economic losses and $250,000 compensatory damages.

b. Plaintiff demands attorney's fees and costs of this action.

c. Plaintiff demands such other and further relief as this court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial as to all issues triable by a jury.

Respectfully submitted,

_____/s/_____

John M. Singleton, Esq. Bar # 02275
The Singleton Law Group
17010 York Road, Suite 103
Parkton, Maryland 21120
(410) 902-0073 Fax (410) 357-3804
jsingleton@singleton-law.com
Attorney for Plaintiff