IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAWN TRINKS,** | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * Civil Case No. SAG-20-3284 |
| | * |
| **JOHNS HOPKINS UNIVERSITY,** | * |
| | * |
| Defendant. | * |
| | * |

*************

## MEMORANDUM OPINION

Plaintiff Dawn Trinks filed this case against her former employer, Johns Hopkins University ("JHU"), alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, to 20002-17 and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 to 634. ECF 1. Currently pending before the Court is JHU's Motion to Dismiss or, in the alternative, for Summary Judgment. ECF 6. The Court also considered Trinks's Opposition and JHU's Reply. ECF 12, 13. After the motion was fully briefed, with leave of Court, Trinks filed a supplemental filing attaching certain correspondence with the EEOC, ECF 20, and JHU filed a response to that supplemental filing, ECF 21. For the reasons set forth below, JHU's Motion, construed as a motion for summary judgment, will be denied without prejudice.

**I.   BACKGROUND**

The Complaint alleges that Trinks is a fifty-eight-year-old female who worked for JHU for decades.[1] ECF 1 ¶ 5. In 2014, a new employee, Christian Hartman, became Trinks's supervisor

---

[1] Although ECF 1 is entitled "First Amended Complaint for Monetary Damages and Demand for Jury Trial," because it is the first filing on the docket and no amendments have been made, this Court will simply refer to it as "the Complaint."

and began requiring Trinks to perform significantly more work than her younger, male co-worker. *Id.* ¶¶ 6-7.  Because Trinks believed she was being subjected to inequitable treatment as a result of her age and gender, she applied for another position within JHU, and received an offer of employment.  *Id.* ¶¶ 8-9.  Hartman asked Trinks to forward the offer letter she had received.  *Id.* ¶ 10.  Subsequently, Trinks was accused of having falsified the amount of the salary offered for the new position.  *Id.* ¶ 12.  She was suspended and eventually terminated.[2]  *Id.*

On May 17, 2017, Trinks wrote to the EEOC and attached an intake questionnaire, complaining that JHU had discriminated against her and asking to file a charge.  ECF 20, ECF 20-1; ECF 20-2.  On August 14, 2017, she received a letter from the EEOC which read,

> We have received your recent inquiry and/or correspondence in which you alleged employment discrimination by the above-named respondent.  Your correspondence will now be assigned to an EEOC representative for completion of the intake processing. . . .
>
> If it is determined that your information is eligible for processing, we will prepare a draft charge . . . .

ECF 12-1.  The EEOC assigned a case number of 531-2017-01594, but appears to have taken no further action.  *Id.*  In February, 2018, Trinks retained counsel, who filed another charge of discrimination with the EEOC.  ECF 6-4; ECF 12-3.  In August, 2020, the EEOC issued a right to sue letter, using that same case number as the original charge but opining that Trinks's charge had not been timely filed.  ECF 6-5.  The instant lawsuit followed.

## II.     STANDARD OF REVIEW

JHU has now filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, a motion for summary judgment.  ECF 6.  A defendant

---

[2] The Complaint does not specify who made the accusation of falsification or who terminated Trinks.  In fact, the discrimination allegations in the Complaint appear focused on the inequitable work assignments Trinks allegedly received from Hartman, and not on her termination.  ECF 1.

is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

JHU attached several exhibits relating to the EEOC determination to its Motion, and asks, in the alternative, that summary judgment be granted in its favor. ECF 6. Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support an element of the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.*

The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 34 9 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348-49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all of the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

Relevant to this case, summary judgment typically is not granted "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont*, 637 F.3d at 448-49. However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that

more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To present the issue, the nonmovant is typically required to file an affidavit pursuant to Federal Rule of Civil Procedure 56(d), explaining why "for specified reasons, it cannot present facts essential to justify its opposition," without further discovery. Here, no Rule 56(d) declaration has been filed, and Trinks in fact attached her own evidence to her opposition and to her supplemental filing, including additional records of correspondence with the EEOC and an affidavit in which she described the events from her perspective. *See* ECF 12-1 through 12-5; ECF 15-1 through 15-4. Accordingly, this Court deems it appropriate to consider those attachments and to treat JHU's Motion as a motion for summary judgment, despite the fact that discovery has not occurred.

### III.     ANALYSIS

Trinks bears the burden to prove that she timely filed a charge of discrimination with the EEOC. *See United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979); *Davis v. NC Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir.1995). The parties agree that Trinks was required to file a charge within 300 days of the adverse employment action she challenges. *See* ECF 12 at 3; ECF 6-1 ¶ 4 (citing *Adams v. Wallenstein,* 814 F. Supp. 2d 516, 522 (D. Md. 2011)). Here, JHU has challenged the timeliness of Trinks's charge and has adduced evidence that no charge was timely filed within 300 days of her termination in February, 2017—the EEOC's administrative determination that no charge was timely filed, ECF 6-5; Trinks's February, 2018 charge, ECF 6-4; and the EEOC's August 14, 2017 letter referring to Trinks's initial communication as "inquiry and/or correspondence," not a charge, ECF 12-1. Thus, the burden shifts to the non-moving party, Trinks, to produce evidence to establish a genuine issue of material fact as to whether a charge was timely filed.
5

With her supplemental filing, Trinks has produced such evidence: her May 17, 2017 letter and intake questionnaire, which triggered the EEOC's August 14, 2017 letter to her. Per the EEOC's regulations, "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). The Supreme Court has added an additional requirement: "if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). The documents Trinks submitted to the EEOC in May, 2017 meet that bar. She identified the parties, stated unequivocally that she wanted to file a charge of age and gender discrimination, and alleged both that she was "fired for something [she] didn't do" and that a male employee was given less work and more favorable assignments than she was. ECF 20-1; ECF 20-2. At present, then, Trinks has established the existence of a genuine issue of material fact as to whether she timely filed a written submission which qualifies as a charge.

JHU argues that Trinks's later filed, February 2018 charge should not be deemed to relate back to her May 2017 submission. ECF 21. That argument is unpersuasive. While Trinks's May 2017 submission was inartfully drafted, it is entitled to liberal construction because she appeared, at that time, pro se. *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *see also Holowecki*, 552 U.S. at 402 (noting that a permissive pleading standard in the administrative context, where most parties appear pro se, is appropriate since "[e]ven in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties"). Despite her pro se status, the submission articulates an intent to bring a charge of age and gender discrimination relating to her work assignments and her

6

termination. ECF 25-2 at 1 (detailing allegations that the same supervisor who fired her without proper justification also gave "half the work load" that she had to a younger, male coworker of her same paygrade). The fact that the later, attorney-drafted charge contains additional facts amplifying the basis for her claims does not prevent it from relating back to the earlier filing. *See* 29 C.F.R. § 1601.12(b) (stating "[a] charge may be amended . . . to clarify and amplify allegations made therein" where the additional facts alleged "relate[] to or grow[] out of the subject matter of the original charge").

Because the EEOC does not appear to have taken any action in response to Trinks's May 2017 submission, aside from sending Trinks a letter three months later stating the correspondence was received, ECF 12-1, JHU did not receive notice of her filing at that time. However, Trinks persuasively argues that she should not be penalized for the EEOC's delinquent response to her repeated communications and inquiries. ECF 12 at 5-8. According to Trinks, she checked the EEOC's online portal each day for updates and called the EEOC's status telephone line for assistance, to no avail. ECF 12-5 ¶¶ 7-8. Her complaint was not assigned to a representative until early 2018, *id.* ¶ 9, roughly corresponding with the time her attorney filed a formal charge, ECF 6-4.

When faced with a similar situation, the Fourth Circuit held that, "Once a valid charge has been filed, a simple failure by the EEOC to fulfill its statutory duties regarding the charge does not preclude a plaintiff's Title VII claim." *Edelman v. Lynchburg*, 300 F.3d 400, 404 (4th Cir. 2002); *see also Holowecki*, 552 U.S. at 403-04 (declining to condition the definition of "a charge" on whether the EEOC takes appropriate action to notify the employer in response to the complainant's filing). As described above, Trinks has adduced evidence that a valid charge had been filed during the period in which the EEOC was dilatory in responding.

Finally, the EEOC's determination that Trinks's charge was untimely is not binding on this Court. Agency interpretations are "'entitled to respect' . . . but only to the extent those interpretations have the 'power to persuade.'" *Christensen v. Harris*, 529 U.S. 576, 578 (2000) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). Here, though, the EEOC issued only a form letter dismissal that did not explain its rationale. In light of the analysis set forth above, then, this Court is unpersuaded by its finding and reaches a contrary conclusion. *See Skidmore*, 323 U.S. at 140 (explaining that the weight a court gives to an agency interpretation is based on "the thoroughness evident in [the agency's] consideration" and "the validity of [the agency's] reasoning" among other factors). However, to the extent additional information is developed in discovery that may shed light on what transpired during the administrative process, this ruling does not foreclose JHU's ability to renew its motion to dismiss this case for failure to exhaust administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, JHU's Motion will be treated as a Motion for Summary Judgment, ECF 6, and will be DENIED. A separate order follows.


Dated: March 29, 2021                              /s/
                                                   Stephanie A. Gallagher
                                                   United States District Judge